UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:10-cr-00046-SEB-MJD-03 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| FRANCISCO CALDERON-ACEVEDO | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10-cr-00046-SEB-MJD |
| | ) | |
| FRANCISCO CALDERON-ACEVEDO, | ) -03 | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Francisco Calderon-Acevedo requests compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Calderon-Acevedo's motion is **denied**.

### I. Background

In 2012, Mr. Calderon-Acevedo pled guilty to one count of possession with the intent to distribute 50 grams or more of methamphetamine (mixture), in violation of 21 U.S.C. § 841(a)(1). Dkt. 199. According to the pre-sentence investigation report, Mr. Calderon-Acevedo served as the supply source for a methamphetamine trafficking organization in Indianapolis. Dkt. 194. When he was intercepted by law enforcement, Mr. Calderon-Acevedo was found to be in possession of 109 grams of pure methamphetamine. During a subsequent search of his home, officials found additional pure methamphetamine and a Calico .9 millimeter semi-automatic pistol with a 50-round magazine in close proximity to the methamphetamine. The Court sentenced Mr. Calderon-Acevedo to 240 months of imprisonment and a 5-year term of supervised release. Dkts. 198, 199.

In April 2021, Mr. Calderon-Acevedo filed a pro se motion for compassionate release. Dkt. 290. Mr. Calderon-Acevedo argues that his health conditions (high cholesterol, high bilirubin excretion, elevated blood pressure and advanced age) put him at increased risk of severe illness

should he become re-infected with COVID-19. Dkt. 290 at 4. Mr. Calderon-Acevedo also reports that he received his first COVID-19 vaccine on March 31, 2021. Dkt. 290 at 5.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Calderon-Acevedo's reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Calderon-Acevedo is fully vaccinated,[1]

---

[1] While Mr. Calderon-Acevedo had only received one dose of the COVID-19 vaccine at the time he filed his motion, Mr. Calderon-Acevedo has not subsequently advised the Court that he did not receive

and he has presented no evidence that he is unable to receive or benefit from the vaccine. *See id.* Additionally, Mr. Calderon-Acevedo "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022). As a result, Mr. Calderon-Acevedo cannot show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

Given the determination that Mr. Calderon-Acevedo has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release. Even if he had made such a showing, however, the Court would nevertheless find that Mr. Calderon-Acevedo is not entitled to compassionate release because the § 3553 factors do not weigh in his favor.[2] Even assuming that Mr. Calderon-Acevedo has a medical condition identified by the Centers for Disease Control and Prevention that places him at higher risk for severe illness from COVID-19, *see* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 3, 2022), he has been fully vaccinated against

---

the second dose as scheduled. Accordingly, the Court assumes that Mr. Calderon-Acevedo is now fully vaccinated.

[2] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

COVID-19. Mr. Calderon-Acevedo reports that he has held at job at prison, completed many classes and programs, had no disciplinary infractions, and has a place to live with family and secured employment if he is released. Dkts. 287, 290. However, weighing heavily against him, Mr. Calderon-Acevedo was convicted of a serious crime involving a substantial amount of drugs and is not scheduled to be released for more than 4 ½ years.

In light of these considerations, the Court finds that releasing Mr. Calderon-Acevedo now would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III. Conclusion

For the reasons stated above, Mr. Calderon-Acevedo's motion for compassionate release, dkt. [290], is **denied.**

IT IS SO ORDERED.

5/17/2022

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Francisco Calderon-Acevedo
Reg. No. 09434-028
FCI Oxford
Federal Correctional Institution
Satellite Camp
P.O. Box 1085
Oxford, WI 53952