Case 1:10-cr-00046-SEB-MJD   Document 310   Filed 04/16/24   Page 1 of 4 PageID #: 1641

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

United States of America )
v. )
FRANCISCO CALDERON-ACEVEDO )
) Case No: 1:10-cr-00046-SEB-MJD-3
) USM No: 09434-028
Date of Original Judgment: 12/28/2012 )
Date of Previous Amended Judgment: )
*(Use Date of Last Amended Judgment if Any)*    *Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated  12/28/2012  shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 4/16/2024

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Effective Date: _____
*(if different from order date)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10-cr-00046-SEB-MJD |
| | ) | |
| FRANCISCO CALDERON-ACEVEDO, | ) -03 | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Pending before the Court is Petitioner Francisco Calderon-Acevedo's Motion to Reduce Sentence filed pursuant to USSG Amendment 821 [Dkt. 295]. The Government has filed its response in opposition to the motion.

Being duly advised, the Court hereby **DENIES** the motion, finding Petitioner ineligible for a reduced sentence based on this amendment to the Sentencing Guidelines for the reason that applying the Amendment would not result in a reduction of Petitioner's original guideline range. USSG § 1B1.10.

Pursuant to the holding in Dillon v. U.S., 560 U.S. 817, 824 (2010) and the requirements set out in the applicable statutes (ie, 18 U.S.C. § 3582(c)(2) and the Sentencing Guidelines (§§ 4A1.1(a) and (e)), the changes effectuated by Amendment 821 to the Guidelines do not apply to Petitioner because his original guideline range would not be reduced, thus making him ineligible for a reduced sentence. To qualify for relief under § 3582(c)(2), a petitioner's sentencing range must be lowered by the Amendment.

Part A of Amendment 821 alters the status points provision regarding the criminal history (USSG § 4A1.1(e)) directing the addition of I point (rather than 2 under the original guidelines

formulation), if the defendant received 7 criminal history points and committed the office while under criminal justice sentence as specified.  A person who had six criminal history points or fewer receives no status points.

Part B of Amendment 821 allows for a 2-level reduction for (many) offenders who had zero criminal history points.  There are several exceptions to eligibility for this reduction.  He must meet all of § 4C1.1's criteria for eligibility, one of which requires that he not be found to have possessed received, purchased, transported, transferred, sold or otherwise disposed of a firearm in connection with the offense.  § 4C1.1(a)(7).

Petitioner Francisco Calderon-Acevedo had no criminal history points and did not receive any status points at his sentencing. Thus, Part A to Amendment 821 does not impact his guideline range.  And under Part B, even though he had no criminal history points, he is not eligible because he was found guilty of having possessed a firearm in connection with his drug trafficking offense.  Thus, his motion for reduction of sentence must be denied because he is ineligible for this relief.

Date: 04/16/2024

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Counsel of Record via CM/ECF

FRANCISCO CALDERON-ACEVEDO
#09434-028
FCI Terre Haute
4200 Bureau Rd. N.
Terre Haute, IN 47802

U.S. Probation Office